SCHOTT, Judge
(concurring).
I concur with the views contained in the majority opinion and particularly with the result.
Proper mud weight in drilling an oil or gas well is not determined by any mathematical formula. One of the experts characterized the process as an “art” as opposed to a “science.” The reason for the uncertainty is because the amount of pressure exerted upon a drilling column by a formation of gas or other matter through which the hole is drilled depends in part upon the weight of such matter and there is no scientific method of accurately determining this factor. At best, comparisons can be made with results obtained in holes drilled *744 in the vicinity but these serve only as points of reference.
From the kick which occurred the day before the loss of Comet’s rig, General American knew there was a formation containing gas at 2003 feet and had to determine the proper mud weight from the sum of the bottom hole pressure and the gradient of the gas known to be located there.
While all of the experts agreed that the bottom hole pressure itself could be gauged with reasonable certainty the gradient of the intruding gas or other matter into the hole was susceptible only to an educated guess. Aside from the fact that General American’s drilling program contemplated the lightest of gas, methane, the validity of which assumption might be debatable, the nature of the problem and practice of the industry are such that Comet was charged with assumption of risk as to the result of a slight error in the choice of mud weight.
6SA C.J.S. 287, Negligence § 174(1):
“The doctrine of assumption of risk, assumed risk, etc., is said to rest on, or be in its nature, effect, and import, the equivalent at least of, the principle expressed by the maxim, Volenti non fit injuria. The maxim is predicated on the theory of knowledge and appreciation of the danger and voluntary assent thereto and involves the taking of a calculated risk. The doctrine of assumption of risk or of assumed risk is also predicated on knowledge and appreciation of the danger and voluntary exposure or assent, or, as otherwise expressed, assumption of risk is a matter of knowledge of a danger and intelligent acquiescence in it; it involves comprehension that a peril is to be encountered and a willingness to encounter it. Voluntariness and appreciation of danger are somewhat related and interdependent; both involve the exercise of mental process.”
While the contract between General American and Comet reserves to General American the right to specify the type of the mud, the evidence is convincing that a natural peril in the selection of mud weight was involved and well known to all of the parties. This may very well explain why General American included the provision in the contract under which Comet agreed to hold General American harmless from claims for loss of property growing out of the performance of this drilling contract. The instant case is a classic example of what is discussed in the foregoing quotation in that there was an appreciation of the danger on the part of Comet and a willingness to encounter that danger at the time it entered into the contract.
Finally, while the record may suggest that the mud weight prescribed by General American wasn’t adequate there is no showing that they were negligent in making that decision. The fact that their guess might have been off a fraction of a pound per gallon was a hazard of the trade well known to all parties. Their judgment was perhaps erroneous, but it was prudent since there is no showing in the record that any negligence was involved in their decision making process to establish the mud weight. In the absence of such a showing I cannot conclude that there was actionable negligence on the part of General American.